Mr. Justice WAYNE
 

 delivered the opinion of the court.
 

 This suit is brought upon ten bonds payable to Martin Yan Burén, President of the United States, and his successors in office, for the use of the orphan children provided for in the nineteenth article of the treaty with the Choctaw Indians of September, 1830.
 

 The principal and interest due upon t.he bonds are demanded, and the plaintiff in the action, John Tyler, sues as successor of Martin Van Burén and trustee for thé orphan children.
 

 The defendants have demurred to the plaintiffs declaration, pursuing the usual form of a general demurrer, and have added thereto several special causes of demurrer. There is a joinder in demurrer. Upon these pleadings, the court below sustained the demurrer of-the defendants. It is that judgment which is now before this court by writ of error.
 

 In our opinion, there is error in the judgment: We shall reverse it, with an order to the court below to enter up a final judgment for the plaintiff.
 

 The cause is not before us on the grounds upon which it was placed in argument by the counsel of the defendants, except as to the insufficiency of the facts averred in the plaintiff’s declaration to entitle him to recover, or to enable the defendants to sustain their demurrer.
 

 A demurrer is an objection made- by one party to his opponent’s pleading, alleging that he ought hot to answer it, for
 
 *582
 
 some defect in .law in the pleading. It admits the facts, and refers the law arising thereon to the court. (Co. Lit. 71. b; 5 Mod. 132.) The opposite party may demur when his opponents pleading is defective in substance or form, but there can ne' no demurrer for a defect not apparent in. the pleadings. This being so, the question now is, whether or not, notwithstanding the objections in substance and form which the defendants have . made to the plaintiff’s declaration, sufficient matter appear in the pleadings, upon which the court may give 'judgment according to .the very right of the case. Five special causes of demurrer are assigned; they were of course meant to be objections for defects in form, as .none other can be assigned in a.,, special demurrer. A general demurrer lies only for defects in substance, and excepts to the sufficiency of the pleading in general terms, without showing specially' the nature of the objection. A special demurrer is only for defects in form, and adds to the terms of a general demurrer a specification of the particular ground of exception.
 

 Qur first remark, then, is, that neither of the special causes of demurrer alleged in this case is for a matter Of form. They are as follows : —
 

 “ 1st. That there is no sufficient averment in the proceedings or record showing the citizenship or place of abode of the plaintiff, or that he- is, by reason of the nature of his place of abode and citizenship, entitled by law to maintain said suit.
 

 “ 2d. That the plaintiff shows no title to the bonds or obligations shed'on, nor such an interest in the-.suit as will áuthorize him to maintain the same.
 

 • “ 3d,' That the parties for. whose use the suit is brought (who, by the laws of Mississippi, are the real plaintiffs, and responsible for costs) are not named in the record.
 

 “ 4th. That said bonds sued on were taken without authority of' law, the said Martin Yan Burén, President of the United States, having no such delegated power, and having no right to make the same payable to himself and his successors in office, or to assume to himself or his successors in office a legal perpetuity and succession unknown to the said office, and not given by law.
 

 “ 5th. That said bonds in the declaration mentioned appear, from the face of the pleadings, to have been given without any actual consideration, and by .virtue of an assumption of authority on the part of said. Martin Yan Burén to dispose of said orphan Indian lands at public sale, without any legal right to sell the same. And because the said declaration is in other respecta informal and insufficient.”
 

 The case, then, is before the court upon a general demurrer,
 
 *583
 
 in which must be considered the Avhole record, and judgment should, be given for the party who on the whole appears to be entitled to it. (Le Bret
 
 v.
 
 Papillon, 4 East, 502.) It cannot bé better shown in this case for whom the judgment should be, than by showing- that the special causes of objection assigned,. supposing them to have been made as matters of' substance, are not sufficient in law to prevent a recovery by the plaintiff. We will first speak of the fourth and fifth, because they are the chief reliance of the defendants to show that no judgment can be rendered against them.
 

 The fourth is, that the bonds given by the defendants were taken without authority of law. The fifth is, that it appears from the face of the pleadings they were given without any actual consideration. Neither of these points can be raised in this case by a demurrer. As to the first of the two, it was not necessary to aver in the declaration that the bonds were taken with the authority of law, — nor is it so averred. The bonds are made to the President of the United States and his successors in office, for the use of the orphan children provided for in the ninoteenth article of the treaty with the Choctaw' Indians of September, 1830. They are so recited in the declaration, and are admitted by the defendants to háve been given by them. In point of law, then, they are valid instruments, though voluntarily given, and not prescribed by law*. (United States
 
 v.
 
 Tingey, 5 Peters, 115.) It is not the case of a bond given contrary to law, or' in violation of law, but that of bonds given voluntarily for a consideration expressed in' them to a public officer, but not happening to be prescribed by law. Nor does it matter that they are made to the President of the United States and his successors in office, if the political official character of the President is recognized, in them, and is so averred in the declaration. This cause of demurrer, whether well taken or not, admits'the fact that the bonds were given, and. estops the defendants from denying it as a matter of form, or from contesting by a demurrer the right of the obligee and his successors „in office to sue the ob-ligors at' law. As to the alleged want of consideration for these bonds, as stated in the fifth special cause of demurrer, that affords no ground for a demurrer, as a bond cannot be avoided at law either for a want or- failure of consideration, and any thing' illegal in the consideration can only be pleaded in bar to the action. (Fallowes
 
 v.
 
 Taylor, 7 T. R. 475.)
 

 But it is said that these bonds were given without any actual consideration, the President, as it is alleged, having no authority to dispose of the land. What of that? The declaration does not state of whom the purchase was made, or by
 
 *584
 
 what authority the sale took place. The defendants admit that a sale did take place, that they were purchasers of the lands, and that they gave the bonds voluntarily, according to the terms of sale. Neither of these questions, then, can be raised under the demurrer of the defendants, and could not have. been the foundation of the judgment given in their favor.
 

 Having disposed of the fourth and fifth special causes of demurrer, we will now inquire, in their order, whether or not the judgment which was given can be sustained upon either of the other alleged grounds.
 

 The first is, “ That there is no sufficient averment in the proceedings showing the citizenship or place of abode of the plaintiff, or that he is, by reason of the nature of his place of abode and citizenship, entitled. by law to maintain this suit.” This cannot justify th'e judgment, because it is demurring in abatement., In such a case the plaintiff is entitled to final judgment. , If the matter of abatement be extrinsic, the defendant must plead it. If intrinsic, the court will act upon it upon motion, or notice it of themselves. (Dockminique
 
 v.
 
 Davenant, Salk. 220.) But it does not follow, because a demurrer in abatement cannot be available for the defendant, that it is to be rejected altogether from the. pleading, if tendered in proper time. It will be received, but being erroneously put in, it entitles the plaintiff to final judgment, so that for this reason the judgment of the court below would have to be reversed.
 

 Perhaps the best exposition of this point of pleading anywhere to be found is that given in Furnisset al.
 
 v.
 
 Ellis and Allen, in 2 Brockenbrough’s Reports, 17, by Chief Justice Marshall. He says, “ The cases quoted to show that the demurrer is not good, do not show”that even in England it ought .not to be received, if tendered in proper time. In 5 Bac. Abr. 459, it is said, if a defendant 'demur in abatement, the court will, notwithstanding, give a final judgment, because there cannot be a demurrer in abatement.” This does not prove that the demurrer shall be rejected, but that it shall be received, and that the judgment upon it shall be final. A judgmen. on a plea in abatement, or on a demurrer to a plea in abatement, is. not final, but on a demurrer which contains matter in abatement it shall be final, because a demurrer cannot partake of the character of a plea in abatement. . Salk. 220) is quoted by Bacon, and is to the same purport, indeéd in the same words. These cases show that a demurrer, being in its own nature a plea to the action and being even in form a plea to the action, shall not be considered as a plea in abatement, though the
 
 *585
 
 speeial cause alleged for demurring be matter of abatement. This court will disregard thesé special causes, and, considering the demurrer independently of them, will decide upon it as if they had not been inserted in it.” And then the Chief Justice adds, in respect to the particular case then -in hand, that “these cases go far to show that the court would overrule the demurrer, and decide the cause against the party demurring, not that it should be expunged from the pleadings.”
 

 The second ground of special demurrer is, that the plaintiff shows no title to the bonds or obligations sued on, nor such an interest in the suit, as will authorize him to maintain an action on the 'same. Neither fact stated is a matter of form, and cannot therefore be a cause for a special demurrer. But • taking them as matters of substance, the insertion of them in the plaintiff’s declaration is not necessary to show his right to sue and recover upon these bonds, or material for the defendants in their plea. This objection will not avail to sustain the judgment.
 

 The remaining objection to be considered is the third in order stated, and may be as briefly and as satisfactorily disposed of as some of the rest have been. It is, that the parties for whose use the suit is brought are not named, who by the laws of Mississippi are the real plaintiffs, and responsible for costs. We remark, that for whose use the bonds were taken is- not recited as personal to any of the Choctaw orphans, but as an aggregate for all such as were entitled to lands under the nineteenth article pf the treaty. The demurrer admits that the bonds were so made by the defendants, and that the recital in the declaration is as the fact is expressed in the bonds. The inquiries, then, into who are individually the orphan children residing- in the Choctaw nation, or who by name are entitled to a quarter-section of land, or tiny such averments in the plaintiff’s declaration, were not necessary to entitle him to recover, and could not be shown either as a -cause of special deihurrer or be urged under a general demurrer, to prevent a recovery in this case.
 

 All of us are of the opinion, that there is nothing in the causes of demurrer which were shown in argument, or in the special causes assigned, to sustain the demurrer, and thinking, as we all do, that nothing has "been shown to lessen the obligation of the defendants to pay these bonds, or their liability to be sued for them at law, we shall direct the judgment of the court below to be reversed, with costs, and shall order the cause to be remanded to the District Court, with directions to that court to enter judgment in this case (principal and interest) for the plaintiff in that court.
 

 
 *586
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the District ■ Court of the United States for the Northern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said District Court; with directions to that court to enter judgment in this case for both principal and interest for the .plaintiff in that court. .