Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 This is a writ of error to the Circuit Court of the United States for the Northern District of Illinois. The principal question in the case arises upon the exceptions of the defendants to the instructions given by the court to the jury.
 
 *601
 
 Other exceptions were taken by the defendants to the rulings of the court, and to the refusal of the court to instruct the jury as requested; but the whole substance of the controversy between the parties, and of the errors assigned in the record, is involved in the exceptions to the instructions of the court. Defendant in error and the first-named plaintiff were inventors of a certain improvement in reaping and mowing .machines, and were joint-owners of the improvement. They applied to the' Patent Office for letters patent, and employed a patent solicitor, to prosecute their claim before the commissioner. Application was filed on the eighteenth day of May, 1857, and it is conceded that the specifications accompanying the same contained a description of the entire improvement. Pending the application, and before the letters patent were granted, ’Whitaker, the principal defendant in the court below, agreed with his associate inventor to purchase of him, for the sum of four thousand five hundred dollars, all the right, title, and interest which the latter had or might have in and to the invention, in consequence of the letters patent granted or to be granted therefor;' and in consideration of that sum the plaintiff" in the court below, who was the other inventor, assigned and set over to the party first named the full and exclusive right to all of the invention, as set forth and described in the specifications; and the contract was that the assignee should have and hold the invention to him and his assigns, as fully as the same would have been enjoyed by the assignor if the assignment and sale had not been made. Introductory part of the instrument described the invention as an improvement in reaping and mowing machines, for which the inventors had applied for letters patent. Assignor also, by the same instrument, “in consideration aforesaid, and also of one dollar” to him paid, assigned and set over to the same assignee, all right, title, and interest in and to three certain claims to inventions, described as made by the same inventors, and for which the specifications had not been fully prepared. Suit was brought in this case, by the assignor in that instrument, to recover the sum of three thousand dol
 
 *602
 
 lars as the unpaid balance of the consideration for the title and interest of the invention as conveyed.
 

 Declaration was an assumpsit, and was founded upon a contemporaneous written agreement, signed by the assignee in that assignment, and the other two defendants. Agreement declared on refers to the instrument of assignment, describes the'subject-matter assigned as improvements “to grain-reapers and grass-mowers, belt-tightener,’’.Ac., specifies the entire consideration, states that the balance unpaid is three thousand dollars, and that the- same is to be paid in two annual instalments, with interest at ten per cent, per annum, and concludes with what is the material clause in the controversy. Substance of the clause is that the defendants agreed to execute to the assignor of the invention their joint and several notes “for said amounts, payable as aforesaid, with interest, as aforesaid,” as soon as the patent for the improvement in the grain-reaper and grass-mower aforesaid is obtained by the said inventors. . Material allegations of the declaration are, that the letters patent described in the agreement were, op the eleventh day of August, 1857, duly obtained, and that the defendants, after due notice thereof, neglected- and refused to give to the plaintiff their joint and several notes as they had agreed to do. Plea was non-assumpsit, and the verdict aiid judgment were for the plaintiff'.
 

 I. Principal defence is that by the true construction of the agreement, no right of action against the last two defendants was to accrue to the plaintiff, unless letters patent for all the improvements specified in the assignment were obtained within a reasonable time, and that inasmuch as the patent of the eleventh of August, 1857, was for one
 
 only
 
 of the four specified improvements, the. plaintiff, as against those defendants; is not entitled to recover. Reference must be made to the circumstances under which the contract was made, as affording the means of applying the language employed in the instrument to the subject-matter, of the agreement. Parties agreed that there were four improvements, but they all related to grain-reapers and grass-mowers, as
 
 *603
 
 the machines are called in the written contract. Specifications of the patent of the eleventh of August, 1857, embraced-, all of the improvements described in the assignment, but the,' claim of the patent limited the invention to the tubular finger-bar, therein described, which is by far the, most important feature of the entire improvement, and really constitutes the principal merit of the invention. Description
 
 of
 
 the improvement in the assignment is that it is an improvement in reaping and mowing machines, and there can be no doubt that it was regarded by the parties as constituting the principal matter of the assignment and transfer. But the other improvements are embraced in the assignment, and cannot be separated from the consideration specified in the instrument. Two of the claims are described as the subjects of one application, and the other, as an invention for a belt “tightener,” operated by a right and'left hand screw. They were four in all, and in point of fact were all described in the original specification, and are the same as those described in- the reissued patents set forth in the record.
 

 First one, as before stated, consists of an improvement in the construction of the finger-bar in reaping and mowing machines, substituting a rolled tubular finger-bar in the place of the solid bar previously used.
 

 Second one consists of an improvement in the arrangement and combination of the raker’s seat with a supporting wheel, and the frame and finger-bar of the machine.
 

 Third one consists of an improvement in the mode of mounting the driving wheel, and of driving the pulley that communicates motion to the belt and reel pulley.
 

 Fourth one consists of an improvement for tightening the belt which draws the reel for the purpose of gathering- the grain into the sickle.
 

 Obviously the improvements are but parts of the same invention, and the evidence shows that the parties to the assignment had invented them all before the-date of that instrument. Precise date of the invention does not appear; but it does appear that all of the parties to the written agree
 
 *604
 
 ment were partners in 1856, and that the partnership used the improvement in the manufacture of machines. "When the plaintiff assigned his interest in the invention to the first-named defendant he retired from the firm, and the other partners continued the business, using all four of the improvements. Express reference is made, both in the assignment arid in the agreement, to the pendency of the application for a patent, in respect to the principal improvement, and in the latter, both to the pending specifications and to those which.were “ not fully made.” Such reference to the specifications and pending proceedings render it allowable to examine those documents in connection with the assignment and agreement, as means of ascertaining the true iritent and meaning of the parties.
 

 Pending application for the patent was dated the 27th day of December, 1856, and was signed by both of the inventors. Authority was therein conferred .upon their solicitor to alter or modify the drawings, specifications, and claims thereunto attached, in such manner as circumstances might require, or to withdraw- the application altogether should it be deemed advisable, and in that event to receive and receipt for such sums of money as should be returnable under the act of Congress in that case made and provided.
 

 Pursuant to the authority conferred by both the inventors, he amended the .specifications and received the patent described. Effect of the assignment was not only to transfer the whole title of the several improvements to the assignee, but also to confer up op him the entire control of the pending application for letters patent. He could cancel the authority of the solicitor, or he could suffer it to remain without restriction or limitation. Plaintiff reserved no control in the matter, and it does not appear that he ever attempted to interfere in the premises. Purchase of the assignee was an absolute one; and lie was bound to pay the consideration at all events. Plainly the other defendants were not parties to the assignment, nor were they parties to the promise of the assignee to pay the consideration, as therein specified and repeated in the introductory part of the written agreement.
 

 
 *605
 
 Their promise is contained in the last clause of the instrument, and it is conditional; but it is a mistake to suppose that it is not a joint one with the assignee. Neither the as-signee nor the other two defendants promised to give their notes for the consideration, excepting on the happening of the condition therein specified. Legal effect of the promise by all three was, that they would give their joint and several notes for the two unpaid instalments, “payable as aforesaid, with interest aforesaid,” as soon as the patent for the improvement in the grain-reaper and grass-mower aforesaid was obtained by the inventor. Obligation to perform was made dependent upon the future and undetermined action of the patent officer. Applicants for patents may, bylaw and the usages of the bureau, amend their specifications, and do everything authorized to be done by the patent solicitor in this case. Assignee knew what authority he and his associate inventor had conferred upon the solicitor, and it must be understood that the other defendants also knew what was the law upon the subject and the general usage of the Patent Office. Instructions of the court, therefore, were right, that when the letters patent were issued, the assignee was bound, by'the letter and spirit of his contract, to execute his notes. Defendants are right in supposing that a surety may stand upon the very terms of his contract; that he will be discharged if any alteration is made in his agreement, without his knowledge or consent, which prejudices him, or which amounts to the substitution of a new agreement for the one he executed.
 
 *
 

 But sureties are as much bound by the true intent and meaning of their contracts which they voluntarily subscribe as principals. They are bound in the manner, to the extent, and under the circumstances as they existed when the contract was executed.
 
 Roth
 
 v. Miller.
 
 †
 
 Strong doubts are entertained whether any one of the defendants can be regarded
 
 *606
 
 as a surety; but it is unnecessary to decide that question at the present time. Terms of the contract, or that part of it under consideration, were based on the undetermined action of-the Patent Office, and in consideration of that fact it must-be assumed that the parties not only knew that the specifications might be amended or withdrawn, but that they contracted in view of the probability that such changes might be made.
 
 *
 

 Patentees, also,' are clothed with the power, wnenever the patent granted shall be inoperative or invalid by reason of a defective or insufficient description or specification, if the error arose from inadvertency, accident, or mistake, to surrender the same; and thereupon the Commissioner of Patents, upon the payment of the duty, is authorized to cause a new patent to issue. Reissue must be for the same invention, and in judgment of law it is only a continuation of the original patent; and, consequently, the rights of the patentee, except as to prior infringements, are to be ascertained by the law under which the original application was made.
 
 †
 

 Original patent in this case was surrendered, and on the 7th of February, 1860, four distinct reissues were granted. Prior patent, as already explained, embraced all those improvements in its specifications, but the claim was restricted to the pi’incipal improvement. Object of the surrender was to correct that part of the specification known as the claim, and it is admitted by the defendants that the reissues cover all the improvements specified in the assignment, and no more than what was embraced in the original specifications. Under the circumstances, we are of the opinion- that the instruction of the court that the declaration is sufficient was correct. Considéring the state of the record, we have not thought it necessary to reproduce the instructions of the court, but have preferred to state our views of the law applicable to the case, and only wish to add that the instruc
 
 *607
 
 tions of tbe court were in all substantial respects correct. Tbe decree of tbe Circuit Court, therefore, is
 

 AFFIRMED with COSTS.
 

 *
 

 Bonar
 
 v.
 
 McDonald, 1 English Law and Equity, 8; McWilliams
 
 v.
 
 Mason, 5 Duer, 276; Maher
 
 v.
 
 Hall, 6 Barnwall & Cresswell, 269; Bouler v. Cox, 4 Beavan, 880; Islyn
 
 v.
 
 Hartell, 8 Taunton, 208.
 

 †
 

 15 Sergeant & Rawle, 100.
 

 *
 

 Barclay
 
 v.
 
 Lucas, 1 Term, 291, n.; Miller
 
 v.
 
 Stewart, 9 Wheaton, 703; 4 Stat. at Large, 122.
 

 †
 

 Shaw
 
 v.
 
 Cooper, 7 Peters, 315; Grant
 
 v.
 
 Raymond, 6 Peters, 244; Stanley
 
 v.
 
 Whipple, 2 McLean, 35.