## Rogers v. United States.

*(Circuit Court, S. D. New York. November 21, 1887.)*

BONDS—OFFICIAL—RECITALS.

An obligor in a bond given to the United States—reciting that the person for whom the security was given had been "assigned to duty as a property and disbursing officer, signal service, U. S. A.," and conditioned that the incumbent should faithfully expend and account for all public moneys, etc.—is bound by such obligation, and will be held to answer for a loss occurring by the incumbent's default, even though there be in fact no such office, and consequently the incumbent be not strictly an officer, but an agent or employe of the government.

*Roger M. Sherman,* for plaintiff.
*Abram J. Rose,* for defendant.

WALLACE, J. The plaintiff in error is an obligor in a bond to the United States of America, which recited that one Howgate had been "assigned to duty as a property and disbursing officer, signal service, U. S. A.," and had accepted said assignment, and was conditioned that Howgate should at all times thereafter during his holding and remaining in said office carefully discharge the duties thereof, and faithfully expend and account for all public money coming into his hands. He has brought this writ of error to review a judgment of the district court, recovered against him on the bond for moneys embezzled by Howgate while acting under the assignment to duty mentioned in the bond.

Error is assigned that there is no liability upon the bond because Howgate was not an officer, consequently there was no breach of the condition that he would faithfully expend and account for public money coming into his hands "during his holding and remaining in said office." It is insisted that there was no such office as "property and disbursing officer, signal service," created or authorized by statute; also, that Howgate was assigned to duty by the chief signal officer, and was not appointed by the president or the head of a department, and, therefore, could not be an officer.

It is well settled that a bond not prescribed by law, but voluntarily given to the United States, is a valid obligation; that the United States have a right to enter into a contract not prohibited by law, and appropriate to the just exercise of their powers; and that a bond to secure the government for public moneys intrusted to an agent, or protect it against loss in the transaction of its legitimate business, is such a contract. *U. S.* v. *Tingey,* 5 Pet. 115; *U. S.* v. *Bradley,* 10 Pet. 343; *Tyler* v. *Hand,* 7 How. 573; *U. S.* v. *Hodson,* 10 Wall. 395; *U. S.* v. *Mora,* 97 U. S. 413; *Jessup* v. *U. S.,* 106 U. S. 147, 1 Sup. Ct. Rep. 74; *Match Co.* v. *U. S.,* 31 Fed. Rep. 271. Hence, there being no question that the bond in suit was a voluntary one, the obligor is liable if it was taken to indemnify the government against the miscarriage of an officer, or of an agent or employé who was to be intrusted with money or property in the

course of a lawful employment, and the terms of the bond are adequate, and a breach has been shown.

It may be conceded, as is asserted for the plaintiff in error, that, when the bond was given, there was no such office under the government as that described in the bond; in other words, that no such office had been specifically created by act of congress, and no act had been passed authorizing the president or the head of a department to appoint an incumbent, and, therefore, within the decision of *U. S.* v. *Germaine*, 99 U. S. 508, Howgate was not an "officer," and did not hold an office while the bond was in force. Assuming this, the bond must be treated as a contract to secure the government against loss from the unfaithfulness of an employe in the signal service, who was about to be intrusted with public money in the course of his employment. The obligor, as well as the obligee, is presumed to have known the law. He knew that Howgate could not have been appointed to an office, and that what was termed an "office" in the bond described merely an employment. The recitals and the condition evince unequivocally an intention on the part of the government to exact, and of the obligor to give, indemnity, whereby the obligor was to pay not exceeding the penalty of the bond in case Howgate should not faithfully expend and account for the money coming into his hands while discharging the duties to which he had been assigned. As is said by the court in *U. S.* v. *Germaine,* nine-tenths of the persons rendering service are agents or employes working for the government, and paid by it without thereby becoming its officers. When the plaintiff in error undertook to become responsible for the fidelity of one of these employes, "during his holding and remaining in said office," he must have understood that his responsibility extended to a miscarriage of the employe while exercising the duties to which he had been assigned. These duties were characterized with sufficient accuracy, for practical purposes, in the bond as those of a property and disbursing officer.

There is no error, and the judgment of the district court is affirmed, with costs.