WILLIAM LANAHAN & others *vs.* MARY PORTER & others.

Suffolk. January 8, 1889. — March 1, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bond for a Review — Discharge — Amendment of Declaration.*

A bond for a review, given under the Pub. Sts. c. 187, § 19, after the filing of a
petition, under § 17, to vacate a judgment rendered against two defendants
upon a promissory note, made by one of them and indorsed before delivery by
the other, under a declaration informally setting forth the liability of both in
a single count, will not be discharged, nor the sureties thereon released, by an
amendment filed after the vacation of the judgment, setting forth accurately
the liability of the defendants respectively in separate and distinct counts.

CONTRACT on a bond for a review. The case was submitted
to the Superior Court, and, after judgment for the plaintiffs, to
this court, on appeal, on an agreed statement of facts, the sub-
stance of which appears in the opinion.

*T. E. Barry,* for the defendants.

*F. Paul,* for the plaintiffs.

FIELD, J. The plaintiffs, who compose the partnership of
William Lanahan and Son, brought suit against Fred L. Porter
and Mary Porter on a promissory note, and recovered judg-
ment against them on December 29, 1884. The defendants
thereupon filed a petition for setting aside this judgment, pur-
suant to the Pub. Sts. c. 187, § 17, and gave, with sureties, the
bond on which the present suit was brought. See Pub. Sts.
c. 187, § 19.

The judgment was vacated on December 13, 1886, and the
plaintiffs thereafter filed in the original suit, by the consent of
the defendants in that suit, an amended declaration, on which
the case was again tried, and a judgment rendered for the plain-
tiffs, which remains wholly unsatisfied. In the present suit the
defendants are the defendants in the original suit and two other
persons who signed the bond as sureties, and they contend that
the allowance of the amendment to the plaintiffs' declaration in
the original suit discharged them, or at least the sureties, from
their obligation on the bond.

The original declaration and the amended declaration relate to the same promissory note, a copy of which is annexed to each. The note was signed by Fred L. Porter, payable four months after date, to the order of William Lanahan and Son, and was indorsed by Mary Porter, and both declarations allege that Mary Porter indorsed it before delivery.

Prior to the St. of 1874, c. 404, Fred L. and Mary Porter would have been held to be joint and several makers of the note. By that statute Mary Porter is "entitled to notice of the non-payment thereof, the same as indorsers." Pub. Sts. c. 77, § 15. Without deciding, we assume that, for the purposes of pleading, it is now to be considered that she is an indorser. The original declaration alleged in the first count that Fred L. Porter made the note and Mary Porter indorsed it before delivery, payable to the order of the plaintiffs, and that they owe the plaintiffs the amount of the note; and in the second count, that, at the maturity of the note, the plaintiffs caused demand for payment to be made upon the defendants, which they refused, and that they owe the plaintiffs interest on the amount of the note from the date of the demand. The third count is for costs of protest. The amended declaration is in two counts, and declares against Fred L. Porter as maker, and against Mary Porter as an indorser, whose liability has become absolute by due demand and notice, (Pub. Sts. c. 167, § 4,) and it is for the amount of the note, interest, and costs of protest.

It is plain that both declarations were intended to be for the same cause of action; the defect in the first declaration is, that, although setting out the facts, except notice to the indorser of non-payment, it is in form a declaration against the two defendants as joint makers of the note. The amendment did not introduce any new or additional claim or cause of action, or any new party; the rights of the defendants, as between themselves, were not affected by it; the effect of it was to set out accurately the cause of action informally described in the original declaration, and this would not discharge the bond or release the sureties. *Kellogg* v. *Kimball*, 142 Mass. 124.

*Judgment for the plaintiffs affirmed.*