BENJAMIN S. ADAMS *vs.* DELMONT L. WEEKS.
FRANK A. MITCHELL *vs.* SAME.

Nantucket.    May 19, 1899. — June 30, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP. & HAMMOND, JJ.

*Lien against a Railroad for Labor performed — Statute — Amendment of Writ and Declaration.*

The writ, in an action against a railroad to enforce a lien under Pub. Sts. c. 112, §§ 143–147, for labor performed, bore date August 17, 1895, and was returnable on the first Monday of the following September. On July 7, 1896, the plaintiff, by leave of court, amended his writ and declaration by substituting D. as the defendant for the N. C. Railroad Company. D. was the owner of the railroad when the labor was performed, when the statement required by the statute was filed, when the action was brought, and when the amendment was made and allowed. A new summons was issued to him and he accepted service. *Held,* that the amendment was rightly allowed under Pub. Sts. c. 167, § 42.

CONTRACT, to enforce liens for labor performed under Pub. Sts. c. 112, §§ 143–147. The cases were submitted to the Superior Court and, after judgments for the plaintiffs, to this court, on appeal, upon agreed facts, in substance as follows.

The writs bore date August 17, 1895, and were returnable to the Superior Court for the County of Nantucket on the first Monday of September, 1895. On July 7, 1896, the plaintiffs, by leave of court, amended their writs and declarations by substituting Delmont L. Weeks as the defendant for the Nantucket Central Railroad Company. Weeks was the owner of the railroad when the labor was performed, when the statement required by the statute was filed, when the action was brought, and when the amendment was made and allowed. New summonses after the amendment were issued and served ; and they were accepted in the following words : " I hereby accept service, and appear for the defendant, Delmont L. Weeks, in the within-named cases, and adopt as his answer the answer already filed in these cases. Henry S. Milton, Attorney for Delmont L. Weeks."

*H. S. Milton & G. W. Parke,* for the defendant.

*H. P. Harriman & F. J. Daggett,* (*H. E. Perkins* with them,) for the plaintiffs.

HAMMOND, J. The only question raised by the defendant is whether the Superior Court had the power to allow the amendment substituting Weeks as the defendant in place of the Nantucket Central Railroad Company. We think the court had the power.

Each plaintiff had a claim against the owner of the railroad as such, for labor upon the railroad, and each sought to maintain his claim by a suit against the owner. It happened that they were mistaken as to who was the owner, and upon discovering the mistake they asked to amend by substituting the name of the real owner for the party they had supposed to be the owner.

The cause of action was not changed, and the amendment was for the purpose of enabling them to maintain their actions against the very party whom they at the first sought to hold, namely, the owner of the road whoever he might be, or, in other words, to enable them to maintain their actions for the cause for which they were intended to be brought. Pub. Sts. c. 167, § 42. *Winch* v. *Hosmer*, 122 Mass. 438. In each case the entry must be,                                              *Judgment affirmed.*