EAST TENNESSEE LAND COMPANY *vs.* JOSEPH R. LEESON.
SAME *vs.* JOHN HOPEWELL, JR.

Suffolk.    January 21, 1901. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

In a suit in equity brought by a receiver of a corporation, this court held that the bill should have been brought in the name of the corporation and ordered that, upon the substitution of the corporation as plaintiff in place of the receiver, the case should stand for hearing as to the nature and extent of the relief to be granted. The bill having been amended in accordance with this order, the defendant asked leave to amend his answer by setting up the statute of limitations, it being more than six years since the cause of action accrued although that period had not expired when the bill by the receiver was filed. *Held*, that after the substitution of the corporation as plaintiff the suit continued to be the same that was begun by the receiver and the defendant could not set up the statute.

TWO BILLS IN EQUITY to recover alleged secret profits of the defendants as promoters and directors of the plaintiff, a corporation organized under the laws of Tennessee, filed May 31, 1895.

The suit was originally brought by the receiver of the plaintiff and was before this court in *Hayward* v. *Leeson*, 176 Mass. 310, in which it was decided that the suit should have been brought by the corporation instead of by the receiver and the following

decree was made, which appears in the last paragraph of the opinion in that case: " Upon substituting the East Tennessee Land Company as plaintiff in place of John K. Hayward, the causes are to stand for hearing as to what the net profits are, which the defendants have respectively received, or as to what the damages are, which the plaintiff has suffered, as the plaintiff shall elect to proceed for the property or its proceeds on the one hand, or for damages on the other hand. *Decree accordingly.*"

On October 26, 1900, in accordance with the foregoing decree, the bill was amended by substituting as plaintiff the East Tennessee Land Company in place of John K. Hayward, receiver. On November 5, 1900, in pursuance of a verbal notice given at the time when the plaintiff's amendment was allowed, the defendant Leeson filed a motion for leave to amend his answer by setting up the defence of the statute of limitations in bar of the plaintiff's bill, as follows : " And defendant comes and answers that the cause of action mentioned in plaintiff's bill in equity did not accrue within six years before the suing out of said bill by East Tennessee Land Company as plaintiff, and said bill cannot be maintained by said land company as against this defendant for this reason."

At the hearing in the Superior Court, before *Braley*, J., it was agreed by the parties that, at the time the bill was filed, May 31, 1895, the cause of action was not barred by the statute of limitations. The defendant contended that the cause of action accrued in 1893, and that the substitution of the East Tennessee Land Company as plaintiff for John K. Hayward, receiver, the original plaintiff, was such a change as to entitle him as matter of law under the facts to plead the statute of limitations in bar of the maintenance of the bill, more than six years having elapsed from the time when the cause of action accrued to the date of the allowance of the amendment.

The judge refused so to rule, and ruled that the appointment of a receiver did not have the effect of changing the right of action or the contractual or fiduciary relations existing between the East Tennessee Land Company and Leeson, as set out in the bill, and that the right of action was that of the corporation, and that the bill as it originally stood was only an attempt on

the part of the receiver in his own name to enforce that right; and refused to allow the amendment as a matter of law and not as a matter of discretion; and being of the opinion that the matter ought to be determined by the full court before further proceedings were had in the trial court, at the request of the defendant, reported the ruling and order for the consideration of this court. If the ruling was right the order was to be affirmed; if not, then the defendant's amendment was to be allowed.

*G. F. Ordway*, for the defendant Leeson.

*W. H. Russell*, (*L. G. Farmer* with him,) for the plaintiff.

LORING, J. It is too plain for discussion that the allowance of the amendment did not entitle the defendants to treat the suit as begun at the time it was made. Since the amendment the receiver is *dominus litis*, as he was before it was made, and the suit is being prosecuted for those who, by decree of the court appointing the receiver, are entitled to the proceeds, and for whose benefit it was originally brought. The substitution of the company for the receiver as the party plaintiff was made to comply with the technicalities of our procedure. Such an amendment can be allowed to prevent the defence of the statute being set up to a new suit. *Costelo* v. *Crowell*, 134 Mass. 280.

*Order disallowing amendment to answer affirmed.*