CAMPBELL & ZELL CO. v. AMERICAN SURETY CO.

(Circuit Court, D. Massachusetts. March 11, 1904.)

No. 1,397.

1. CORPORATIONS—ACTIONS BY—PROOF OF INCORPORATION.
     The burden rests upon a plaintiff suing as a corporation to prove its corporate existence, but such fact is sufficiently proved for the purposes of a case by the production of the bond sued on, which was executed by defendant, and contains a recital that plaintiff is a corporation.

2. SAME—PROOF OF IDENTITY.
     That a corporation plaintiff is the identical one to which a bond sued on was executed may be inferred from the identity of name, unless it is shown that there are others of the same name.

3. ATTACHMENT—BOND FOR DISCHARGE—PARTY ENTITLED TO SUE.
     An action was brought in the name of a receiver appointed in another state for a corporation of such state. The declaration contained one count setting out a contract between the defendant and such corporation made prior to the receivership. The court having determined that the receiver could not maintain an action thereon, the declaration was amended by substituting the corporation as plaintiff, and on that count alone judgment was rendered against the defendant, but in favor of the corporation, and not of the receiver. *Held*, that a bond given previously by the defendant to obtain the discharge of an attachment in the suit, although running to the receiver, created a contract with the corporation, on which it could maintain an action against the surety in its own name, the record having been such as to advise the surety from the beginning that the corporation was the real party in interest, so that its obligation must be construed in the light of such fact.

4. SAME—LIABILITY OF SURETY—AMENDMENT OF DECLARATION SUBSTITUTING NEW PLAINTIFF.
     The surety on a bond given for the discharge of an attachment in an action brought by a foreign receiver for a corporation is presumed to know that the declaration is amendable at common law by substituting the corporation as plaintiff, and such an amendment does not affect its liability.

5. JUDGMENT—BURDEN OF PROVING PAYMENT.
     Where, under the pleadings, the burden rests on a plaintiff to prove that a judgment pleaded is unpaid, such burden is met by proving the rendition of the judgment, the presumption being, in the absence of other proof, that it has not been paid.

At Law.    On trial to the court.

Mahoney, Crowell & Sullivan, for plaintiff.
Lougee & Robinson, for defendant.

PUTNAM, Circuit Judge.    The questions involved in this case
are technical, and somewhat difficult, as to which the court is lia-
ble to err.    But the difficulty is not the fault of the law.    The plain-
tiff had a clear, straight path given it, which, if pursued, would have
left no doubt.    While it is clear it might have brought a suit in its
own name, and taken a bond to itself, so that there would now be
no question, it brought suit in the name of a foreign receiver, al-
though, according to the rules of law which have been settled from
the beginning of our judicial system, a receiver appointed in one state
has no more authority in another state than a police judge or a
police officer of one state has a right to come to another and arrest
criminals or preside at trials.    Of course, this remark is confined
to an ordinary receiver, and does not apply to a statutory receiver,
in whom the title vests, and who becomes the statutory successor
of the corporation.

The first question arises on the pleadings of the defendant with
reference to the name of the principal corporation, combined with
a question as to its existence.    The defendant says that the plaintiff
is bound to prove its existence, and also bound to prove that it is the
corporation of which the receiver was appointed in the state of Mary-
land, which receiver initiated these proceedings.    It seems that the true
name of the corporation is the Campbell & Zell Company of Baltimore
City, while, in the proceedings before us, it is described simply as the
Campbell & Zell Company.    So far as the existence of the corpora-
tion is concerned, on the pleadings, and according to our practice,
the burden rests on the plaintiff.    It proves this by producing the
bond sued in this case, which describes it as a corporation.    This
makes out a prima facie case.    It is not necessary to prove the ex-
istence of a corporation by the production of records.    For ordinary
purposes the de facto existence of a corporation may be proved
by admissions of the adverse party, and this is sufficient.    Here we
have the description in the bond of the plaintiff as a corporation,
and therefore its existence is admitted by the defendant under its
seal.

Then, as to the identity of the corporation:    If the defendant here
could show that there were two Campbell & Zell corporations, spe-
cial proof might be required on the part of the plaintiff that this
is the corporation of which Mr. Homer was made receiver.    The
court is of the opinion that, as the case stands, the identity is proven.

The facts of the case are, briefly, as follows:    As already stated,
the local court in Maryland appointed Mr. Homer receiver of the
Campbell & Zell Company of Baltimore City.    At a term of the
superior court for the county of Essex, in Massachusetts, held on
the first Monday of December, 1902, Homer brought suit against
the Barr Pumping Engine Company.    In his writ and declaration
he described himself as follows:    "Charles C. Homer, of the state
of Maryland, receiver of the Campbell & Zell Company, a corpo-

ration established under the laws of the state of Maryland." Then followed several counts; all, except one, of a doubtful character. They may be construed as alleging a promise to Homer as receiver. If all the counts were of that indefinite character, this suit would fail, because there would be nothing on the record to inform the American Surety Company that it was giving an obligation to protect any kind of a claim except on promises made to Homer as receiver. Therefore defendant could not be held for a judgment on promises made to the present plaintiff. There was, however, a count which set out the facts specifically, and alleged a contract made between the Barr Pumping Engine Company and the Campbell & Zell Company, and an obligation to pay by the Barr Pumping Engine Company to the Campbell & Zell Company, which, according to the dates alleged, preceded the appointment of Homer as receiver.

The judgment in the state court followed that count, and was in favor of the Campbell & Zell Company, and not of Homer, as receiver. The law, as settled, applies, that, where there is one good count, claiming sufficient to warrant the judgment, the judgment must stand, even though all the other counts are bad. So that the case stands as though the declaration in the suit in the state court showed that Homer, although the nominal plaintiff, was really suing in behalf of the Campbell & Zell Company, and on a contract made with it. This appears on the face of the papers, which the American Surety Company was bound to inform itself about, and which we may presume it did inform itself about, when it gave the bond in suit. Therefore the true condition was shown at the outset, and, as we will find, whatever was afterwards done was entirely consistent with the facts as they thus appeared, and only contributed to give full effect thereto. That proposition must be kept firmly in mind, and the dates also.

At that stage of the case the Barr Pumping Engine Company, desiring to release an attachment of its property, gave a bond for that purpose. In that bond the American Surety Company, the present defendant, became surety. Nevertheless, we must look at the four corners of the obligation of suretyship to learn its proper construction. Guaranty Co. v. Press Brick Co., 191 U. S. 416, 24 Sup. Ct. 142, 48 L. Ed. 242. This is not a new rule. In Bowman v. Read, 2 Wall. 591, 603, 17 L. Ed. 812, the court says:

"Sureties are as much bound by the true intent and meaning of their contracts which they voluntarily subscribe as principals. They are bound in the manner, to the extent, and under the circumstances as they existed when the contract was executed."

This bond, if it is severed into parts, contains some expressions which might require the court to construe it strictly as a contract between the American Surety Company and Homer, as receiver; but we must look at all the expressions found in it, and at what was contained in the plaintiff's declaration in the state court; and, looking at these, we find it clear that the parties understood that the Campbell & Zell Company had the real interest, and that Homer was simply a go-between. Of this, the American Surety Company

had knowledge when it executed the obligation in suit, so that in executing it the surety company subjected itself to all such future steps as might be taken by the courts in working out the substance as shown on the face of the papers.

Assuming that the original suit had been brought in the state of Maryland by Homer, as receiver of the Campbell & Zell Company, in his name as such receiver, and had there proceeded to judgment in his name as such receiver, and that afterwards the receivership had been discharged, and by order of court the original condition had been restored, then, undoubtedly, in working out the substantial rights of the Campbell & Zell Company appearing on the face of the papers, supplementary suits could properly have been brought in its name, and judgments taken accordingly, in the Maryland courts; and all rights to the bond, both in equity and in law, would have vested in it. That is a settled rule, and it goes quite as far as we are required to go in order to maintain the suit now before us, under existing circumstances.

It appears that, suit having been brought in the way in which we have described in the state court, and that court having determined, as it should have determined, that it could not be prosecuted in the name of the receiver, therefore, in accordance with the settled practice, not only in Massachusetts, but in the federal courts, the writ and declaration were amended, and Homer, the nominal plaintiff, disappeared, the Campbell & Zell Company appeared in his place, and judgment was rendered in its favor. This case turns on that fact. The surety company says that it did not contract with the Campbell & Zell Company, but with Homer, as receiver. Nevertheless, as we have said, the substantial parties to the litigation appeared on the face of the papers, and were always known to the surety company; and they must be presumed to have contracted in reference to what thus appeared.

Reference has been made to Revised Laws of Massachusetts of 1902, c. 173, §§ 48, 121, with reference to amendments. Section 121 provides for notice to parties interested in case of certain amendments, and, further, that, if notice has been given, the action of the court allowing the amendment shall be conclusive. No such notice was given here. But this statute does not reach this case, in which the amendment was made in accordance with the rules of the common law. In Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, an action was brought in the name of the United States Express Company, declaring it to be a corporation. It was, however, not a corporation, but a joint-stock association, organized under and by virtue of the laws of a state which authorized such association to bring suit in the name of the president. Thereupon the Circuit Court permitted an amendment at common law bringing in "Barney, president of the United States Express Company," which amendment the Supreme Court approved. In Fenton v. Lord, 128 Mass. 466, where suit had proceeded in name of the wife to and including verdict, she was allowed to amend by joining her husband as plaintiff. In the same way, in East Tennessee Land Company v. Leeson, 178 Mass. 206, 59 N. E. 639, exactly the same amendment as at bar

was allowed, apparently under the rules of the common law. Therefore, in the case at bar, this was a common-law amendment, based upon matter appearing on the face of the papers and of the bond in suit. We regard the amendment as not at all a substantial matter, and as merely one of form. The American Surety Company must be assumed to have known that the declaration was thus amendable, because the decisions to which we have referred in the Supreme Court of the United States and in 128 Mass. were made long before this bond was given. What our decision would be in case the rule admitting amendments of this class had been changed in actual practice after the bond was given we need not consider. So far as we have gone, this case is with the plaintiff.

This leaves only one question; that is, the condition arising out of the fact that the plaintiff has not offered any proof showing that the judgment obtained in the state court was not paid. At common law, in suits on bonds with a condition, the burden of proving payment depends on the pleadings. The plaintiff alleges that the judgment was not paid. The answer contains a general denial, and, of course, puts that allegation in issue; so that, on the state of the pleadings, the burden rests apparently on the plaintiff to prove nonpayment. That burden, of course, is easily met by the rule that a debt incurred is ordinarily presumed not to have been paid. In the absence of proof, we will rest on the usual presumption. If that fails the plaintiff, it is his own fault, because he could have relieved the court of this difficulty, and offered proof that payment had not been made.

Judgment for the plaintiff for the amount claimed and costs.