AMERICAN SURETY CO. OF NEW YORK v. CAMPBELL & ZELL CO.

(Circuit Court of Appeals, First Circuit. June 8, 1905.)

No. 560.

1. ATTACHMENTS—REDELIVERY BOND—RECEIVERS—SURETIES—DISCHARGE.

Where an attachment bond was executed to the receiver of a corporation, his successors and assigns, in an action by such receiver to realize upon an asset of the corporation, a termination of the receivership control over the action did not discharge the surety on the bond.

2. SAME—PERSONS ENTITLED TO SUE.

Where, in an action by the receiver of a corporation, a bond to discharge an attachment was given to H., receiver of the C. & Z. Co., a corporation, to be paid to H., "his successors and assigns," and the record in the action was sufficient to advise the surety from the beginning that the corporation was the real party in interest, the term "successor" was not limited to another receiver, but also meant succession in corporate control, so that on the termination of the receivership control over the action, in which the bond was given, the corporation was entitled to prosecute an action on the bond.

In Error to the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 129 Fed. 491.

Henry Wheeler (Hutchins & Wheeler, on the brief), for plaintiff in error.

Byron E. Crowell (Mahoney, Crowell & Sullivan, on the brief), for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. This is an action on behalf of Campbell & Zell, a Maryland corporation, as plaintiff upon an attachment bond under seal. The bond in question was filed to dissolve an attachment in a case pending in the state courts of Massachusetts, in which Charles C. Homer, receiver of the Campbell & Zell Company, was plaintiff, and the Barr Pumping Engine Company was defendant. Subsequently, upon motion of the plaintiff, the writ in the cause in which the bond was filed was amended by striking out the name of Homer as receiver, leaving the action to be maintained and prosecuted to judgment in the name of Campbell and Zell. As a general rule, an action on an attachment bond, as well as upon other bonds under seal, must be in the name of the obligee when the name is clearly defined, and is without addition or descriptive enlargement; but who the real obligee is is often a matter of construction. In this case it is true the condition in the bond is to pay the plaintiff in the action, and the principal question here

relates to the inquiry as to whom the plaintiff and real obligee is. This inquiry must be solved, as observed by the learned judge in the Circuit Court, upon consideration and construction of the whole contract, having regard, of course, to the character of the proceeding to which the bond relates, as the condition in the bond expressly refers to the writ and the plaintiff in the action in which the bond was given, and because the description of the obligee embraces something more than the individual name of Homer. The name of Charles C. Homer was only a part of the description of the obligee. In every substantial sense the real obligee was the Campbell & Zell Company. Homer, as receiver, was simply an official, and an instrument of the law, and as such represented the corporate interest, and in such representative capacity brought an action for the benefit of the company to establish its rights and to recover upon a debt due it as the disclosed beneficiary. The bond was not to Homer individually, or Homer as receiver, in so many words, but to "Charles C. Homer, of the state of Maryland, receiver of the Campbell and Zell Company, a corporation established under the laws of the state of Maryland, in the full and just sum of five thousand dollars, to be paid to said Charles C. Homer, his successors and assigns." His capacity was fully disclosed. The receiver sued not for himself, but officially, and as an instrument of the law, for the corporation, which was temporarily incapacitated from suing; and when the incapacity was removed by the termination of the receivership control over the action the disclosed beneficiary became his successor, and fully succeeded to all rights, in respect to the action and the bond dissolving the attachment which the receiver and instrument of the law had created in its behalf. The writ and the bond itself set out to the surety company full information in respect to the character of the claim and as to the real plaintiff and obligee in interest. The parties contracted with reference to a receivership situation which was liable to be terminated at any moment, the beneficiary thereupon succeeding to all right to carry forward pending legal proceedings for the collection of its just claims. It should be assumed, upon construction, that the parties understood all this, as they undoubtedly did. It is a miscarriage of justice, if a bond discharging an attachment in a suit by a receiver in behalf of a disclosed beneficiary interest which is set out in a description of the party plaintiff, and as a part of the description of the party obligee in the bond as well, is not enforceable by the beneficiary, and an asset is lost, because the receivership control over the action terminates before the action instituted in behalf of the beneficiary is brought to a conclusion.

We need not, however, consider whether, under construction of the whole contract, the interest of Campbell & Zell is so substantial and so apparent, and the corporate name so substantial a part of the description of the obligee, as to entitle the corporation to sue in its own name upon the bond as the expressed obligee. This case may be rested upon the position that the bond expressly runs to Homer in his official and representative capacity, and expressly to his successors as well. This results because the bond itself

contemplates succession. As has already been said, the action in question was by a receiver, who fully disclosed his official capacity and described by name the beneficiary plaintiff. The action was to recover upon indebtedness to the disclosed, but temporarily incapacitated, company. The bond was filed in the ordinary course of judicial procedure, discharged a valid attachment, and was subject to the ordinary course of judicial procedure, including the amendment striking out the representative capacity of Homer, and leaving the action to be prosecuted by Campbell & Zell, the disclosed party in interest, the real plaintiff and beneficiary. As sustaining the general view that the tenor of an attachment bond is to secure the payment of any judgment that may be recovered in the ordinary course of judicial procedure and pursuant to law, see Tapley v. Goodsell et al., 122 Mass. 176, 182; Cutter v. Richardson, 125 Mass. 72; Kellogg v. Kimball, 142 Mass. 124, 128, 7 N. E. 728; Doran v. Cohen, 147 Mass. 342, 17 N. E. 647; Lanahan v. Porter, 148 Mass. 596, 20 N. E. 460; Dalton v. Barnard, 150 Mass. 473, 23 N. E. 218; Townsend National Bank v. Jones, 151 Mass. 454, 24 N. E. 593; Driscoll v. Holt, 170 Mass. 262, 49 N. E. 309; Adams v. Weeks, 174 Mass. 45, 54 N. E. 350; Russia Cement Co. v. Le Page Co., 174 Mass. 349, 362, 55 N. E. 70; East Tenn. Land Co. v. Leeson, 178 Mass. 206, 59 N. E. 639; Jayne's Ex'x v. Platt, 47 Ohio St. 262, 269, 24 N. E. 262, 21 Am. St. Rep. 810; Irwin v. Kilburn, 104 Ind. 113, 3 N. E. 650; Bowman v. Read, 2 Wall. 591, 603, 17 L. Ed. 812. In the absence of the bond, no one would contend that the amendment in the pending proceeding, substituting the corporation for its receiver, would have discharged the defendant's property from the attachment. Without regard to the real plaintiff or the receiver, the defendant exercised its arbitrary right under the statute to discharge its property by filing a bond to pay the judgment. It would be a harsh rule that would make the real plaintiff lose its claim or right of action against the sureties because the bond was given to its receiver, who, as an officer of the law, was safeguarding its interest and the interests of its creditors, and because the receiver was superseded by the real plaintiff, who, by amendment, had succeeded to its original right, before the judgment was recovered which the bond was intended to secure. By operation of law, the moment the receivership control over the action terminated, upon motion of the receiver the corporation, under the terms of the bond, succeeded to all the rights created by the receiver in its behalf during the time in which it was incapacitated from bringing suit. As said in East Tennessee Land Co. v. Leeson, 178 Mass. 206, 208, 59 N. E. 639:

"Since the amendment * * * the suit is being prosecuted for those who, by decree of the court appointing the receiver, are entitled to the proceeds, and for whose benefit it was originally brought. The substitution of the company for the receiver as the party plaintiff was made to comply with the technicalities of our procedure."

In Tyler v. Hand and others, 7 How. 573, 12 L. Ed. 824, an action was maintained in the name of John Tyler, as President, upon bonds given to Martin Van Buren, President of the United States, and

his successors, for the protection of the orphan children of the Choc-taw Nation. This was upon the theory that the nominal obligee, under such circumstances, was the official instrument of the law to receive the bond as security for the real party in interest. Such should be the rule as to receivers who, by force of law, officially and temporarily take hold of an incapacitated estate for the purpose of safeguarding and protecting its interest and the interests of its creditors. Bonds which provide for and express the idea of succes-sion in respect to obligees contemplate that whoever succeeds to the right of control over the right of action involving the subject-matter to which the contract relates shall be the obligee, and have a right of action to enforce the obligation. This is the essential idea of succession, and is of the very essence and substance of the contract, and means that the remedy, or right to maintain the suit, runs with the succession in respect to the cause of action to which the contract relates; and in a case like this there is no difference in principle whether the right in the line of succession falls upon a substituted receiver, or whether the expressly named but incapaci-tated beneficiary is substituted for the receiver, and succeeds to the rights of the receiver and its own original but temporarily suspended right of maintaining its suit and prosecuting the cause of action which the bond was intended to secure. Such a succes-sion is not different in principle from succession in respect to covenants which run with the land, or with a lease of tithes, or of tolls, where the succession in the estate has a right to the benefit of the covenant; and, though not expressly named, may sue for a breach of it. In the case of the covenant running with the land and with the lease of tithes and tolls, the necessary privity results by operation of law, while in the case at bar the necessary privity results from the contract stipulation for successorship and by opera-tion of law. What difference is there in principle between a situa-tion where the right of action under a sealed bond to a given obligee and his representative falls to an administrator as the representative of a deceased party, and a situation where the covenant is to a given obligee and his successors, and where an incapacitated party and expressly named beneficiary is restored to his suspended right, and succeeds a receiver in the right to prosecute the remedy upon the cause of action to which the contract or covenant of indemnity relates? It is not reasonable to assume that the successorship ex-pressed in the bond in question intended only another receiver; on the contrary, the conclusion is unmistakable that what was intended was successorship with respect to the cause of action and the right to prosecute the judgment. The term "successor," in modern ac-ceptation, has a broader significance than succession in respect to the estate of a deceased. It may mean, in a proper situation, suc-ceeding to a place, or a right, or an interest, or a power, official or otherwise. It may mean succession in corporate control. One corporation may succeed to the control of another, and that control may be succeeded by a receiver, and in turn the corporation first surrendering control may succeed the receiver in control. This is the kind of succession that is intended in an attachment bond like

this, which runs to the plaintiff, receiver of a corporation, and his successors, and which is to safeguard the cause of action in the suit in which the bond was given against loss by reason of discharging the defendant's property from attachment. A receiver or a bankrupt trustee succeeds to the right of the owner. Such right results to the receiver under the principles of the common law, and to the trustee in bankruptcy by force of statute and under the principles of the common law. Could there be any doubt of the proposition that, if this suit had been pending in the name of Campbell & Zell, and the bond was existing, running to Campbell & Zell and its successors at the time the receiver was appointed, that the receiver, as successor to the rights and interests in respect to the estate, would have the right to maintain an action in his name, as receiver and successor of Campbell & Zell, to enforce the liability, although his name was not in the minds of the parties at the time the bond was given, and was no part of the name or description of the obligee.

Cases like Flynn v. North American L. Insurance Co., 115 Mass. 449, are not in point, for the pertinent reason that the beneficiary is in no sense named as the obligee, and the bond runs expressly to another person and to his representatives. So as to that class of cases like Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550, where the name of the beneficiary is not disclosed, and where there is no stipulation as to successorship. Likewise such cases as Keller v. Ashford, 133 U. S. 610, 622, 10 Sup. Ct. 494, 33 L. Ed. 667, where the consideration is from, and the promise to, a person other than the plaintiff, and where the plaintiff is a stranger to the transaction contrary to the relation which Campbell & Zell and its interest sustained to the transaction here in question.

Under the circumstances of this case there is no reason upon principle or authority why this action should not be maintained by the real and disclosed beneficiary obligee, who has succeeded under the forms of law to the full position of plaintiff, and to the full right of action in the case in which the bond was given, in place of the receiver and official obligee, who has become functus officio in respect to the cause of action and the bond of indemnity.

The judgment of the Circuit Court is affirmed, with interest, and the defendant in error recovers costs in this court.

BROWN, District Judge. I am unable to concur in this opinion.