## UNITED STATES v. BAILEY.

(Circuit Court, D. South Dakota, W. D. March 8, 1910.)

1. PUBLIC LANDS (§ 92*)—RAILROADS—RIGHT OF WAY—FOREST RESERVATION—
CONDITIONS OF GRANTING—BONDS.

Under Act Cong. March 3, 1899, c. 427, 30 Stat. 1233 (U. S. Comp. St. 1901, p. 1584), authorizing the Secretary of the Interior to file and approve surveys and plats of a right of way for a railroad over any forest reservation, when in his judgment the public interest will not be injuriously affected thereby, the Secretary was authorized to impose, as a condition of his granting a railroad right of way over a forest reservation, that the railroad corporation execute a bond to pay to the United States all damages to public lands, timber, natural curiosities, or other public property on the reservation by reason of the railroad's occupation, and a bond so required and executed was not objectionable, either as contrary to good morals, or as having been obtained from the railway company by extortion.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 92.*]

2. INDEMNITY (§ 6*)—RAILROADS—RIGHT OF WAY BOND—CONSTRUCTION—
"SUCCESSORS."

Where a railroad right of way bond bound the railway company, its surety and their successors or assigns to pay to the United States all damage to public land and timber or public property on a forest reservation by reason of the railroad company's occupation of a right of way over the reservation, the word "successors" was sufficient to bind the surety for damages resulting from the alleged negligent operation of the railroad by a receiver subsequently appointed.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 7, pp. 6747–6749; vol. 8, p. 7808.]

Action by the United States against Charles O. Bailey, as Receiver of the Missouri River & Northwestern Railway Company and the Title Guaranty & Trust Company of Scranton, Pa. On demurrer to the complaint. Overruled.

The action was begun by Edward E. Wagner, United States Attorney for the district of South Dakota, by the direction of the Attorney General of the United States, to recover damages alleged to have been done to a forest reservation of the United States by the receiver's alleged negligence in so operating the road as to set fire to and burn a quantity of standing timber of the alleged value of $6,175. It was also alleged that prior to March 27, 1905, the railroad company applied to the Secretary of the Interior for a right of way across the Black Hills forest reservation, and as a condition to the granting of such right of way, and in consideration thereof, in order to protect plaintiff from any and all damages to the public land, timber, natural curiosities, and any other public property on such reservation, the railroad executed a bond to the United States with the said defendant trust company as surety, by which both the railroad company and the trust company bound themselves, their heirs, executors and administrators, successors and assigns, jointly and severally, in the sum of $3,000 to the United States, which the principal and surety, "their successors or assigns," agreed to pay to the United States for any and all damages to the public lands, timber, natural curiosities, or other public property on the reservation or on the lands of the United States by reason of such use and occupation of the reservation, regardless of the cause or circumstances under which the damage occurred. A demand was made on the receiver and on the trust company for payment, and payment refused, whereupon plaintiff demanded judgment against both the re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceiver and the surety company for the penalty of the bond, and for damages in the sum of $6,175. Defendants thereupon filed a demurrer to the complaint: First. On the ground that there was no statute authorizing and requiring a bond on behalf of the United States as a condition precedent to the granting of a railroad right of way over forest reservation land, and that the bond sued on was extorted from the railroad company, and was without consideration. Second. That the surety company could not be held for the damages claimed because they resulted from the acts of the receiver while operating the railroad, and not from the railroad company, for whose acts only it had agreed to become surety.

Edward E. Wagner, U. S. Atty., for plaintiff.
C. J. Morris, for defendant Title Guaranty Trust Co.
Bailey & Voorhees, for defendant Charles O. Bailey, receiver.

CARLAND, District Judge. The act of March 3, 1875, entitled "An act granting to railroad the right of way through the public lands of the United States" (18 Stat. 482, c. 152 [U. S. Comp. St. 1901, p. 1568]), contains the following provision:

"Sec. 5. That this act shall not apply to any lands within the limits of any military park, or Indian reservation, or other land specially reserved from sale unless such right of way shall be provided for by treaty stipulation, or by act of Congress, heretofore passed."

By the act of Congress approved March 3, 1899 (30 Stat. 1233, c. 427 [U. S. Comp. St. 1901, p. 1584]), it is provided:

"That *in the form provided by existing law* the Secretary of the Interior may file and approve surveys and plats of any right of way, for a wagon road, railroad, or other highway over and across any *forest reservation* or reservoir site when in his judgment, the public interest will not be injuriously affected thereby."

It appears from the above provisions of the statutes of the United States that the Secretary of the Interior may grant or refuse to grant a railroad corporation a right of way over forest reservations. If he may do this, he may no doubt impose as a condition of granting the right of way that the railroad corporation shall execute a bond such as is sued on in this case. The bond is not contrary to good morals nor to any law, and therefore cannot be said to have been extorted from the railway company. The railway company and the surety company were willing to execute the bond in order that the railroad should obtain a right of way across the forest reservation. The following authorities support the proposition that the bond in question is valid: U. S. v. Bradley, 10 Pet. 343, see opinion page 359, 9 L. Ed. 448; Tyler v. Hand, 48 U. S. 573, see opinion page 582, 12 L. Ed. 824; Jessup v. U. S., 106 U. S. 147, 1 Sup. Ct. 74, 27 L. Ed. 85; U. S. Fidelity Co. v. U. S., 150 Fed. 550, see opinion page 553, 80 C. C. A. 446; Carnegie v. Hulbert, 70 Fed. 209, see opinion page 216, 16 C. C. A. 498; Rogers v. U. S. (C. C.) 32 Fed. 890.

In regard to the point made by the guaranty company that it cannot be held for damages caused while the receiver was in possession of the railroad property I think the word "successors," found in the condition of the bond, will hold the guaranty company for damages

caused by the receiver, especially in view of the further words found in said condition as follows:

"Regardless of the cause or circumstances under which such damage may occur." American Surety Company v. Campbell, 138 Fed. 534, 71 C. C. A. 55.

In my opinion, the demurrers to the complaint must be overruled.