## M'Kennan *against* Sterrett.

In articles of agreement for the purchase and sale of land, the vendee agreed to pay one half of the purchase money in hand, as soon as the vendor made him a title for the land, and the remaining half in three equal annual payments, the vendee to have immediate possession. *Held*, that the one-half of the purchase money was not due, nor did interest upon it accrue until the title was made; and that the remaining half became due in annual payments thereafter.

ERROR to the special court of common pleas of *Mifflin* county.

Samuel Sterrett against Patrick M'Kennan. This action was brought to recover the purchase money due upon the following article of agreement.

"An article of agreement, made and concluded, this 14th day of November 1814, by and between Samuel Sterrett, of the one part, and Patrick M'Kennan, of the other part; witnesseth, that the said Samuel Sterrett doth agree to sell unto the said M'Kennan ten acres of the east end of his place, joining David Alexander, John M'Cahan, and James Sterrett, with the usual allowance, for the amount of 45 dollars per acre, and said Sterrett is to give a clear right for the same; and said Patrick M'Kennan, on his part, agrees to pay said Sterrett the one-half in hand, as soon as he makes him a right for the above ten acres of land, and the remaining half in three yearly payments. But if the said Sterrett's place is taken from him by law, he is to pay said M'Kennan for all the improvements he makes on the above ten acres, either in raising a house or otherwise. In witness whereof, the parties have hereunto set their hands and seals, the above date, witness present"

M'Kennan went into possession of the land, in 1815, and has occupied it ever since. On the 21st of March 1834, Sterrett tendered him the title, and brought this action, to recover the purchase money.

The only question of any importance in the cause was, whether the plaintiff was entitled to recover interest upon the purchase money, from the time he took possession of the land, in 1815, or only from the time the title was tendered, on the 21st of March 1834.

The court below was of opinion, and so instructed the jury, that the plaintiff was entitled to recover interest from the time the defendant took possession. This was the subject of the error assigned.

[M'Kennan v. Sterrett.]

*Fisher*, for plaintiff in error, contended, that money would not bear interest, until it was due, and that may as well depend upon an unfixed event as upon certain time. By the contract of the parties, the money was to become due upon the happening of a certain event, the tendering of the title; and that it was not tendered sooner, was without the fault of the defendant.

*Parker* and *Benedict*, contra. Principles of justice require that the defendant should pay interest, for he has had its equivalent, the possession of the land.

The opinion of the Court was delivered by

ROGERS, J.—The exception on which the plaintiff in error principally relies, is in that part of the charge, which relates to the interest. At the time of the contract, both parties were aware that Sterrett had no title; notwithstanding which, M'Kennan was to take immediate possession, as appears, from that clause which stipulates, that if M'Kennan is deprived of the property, Sterrett will pay him for all the improvements, either in buildings or otherwise. With a full knowledge of all the facts, Sterrett agrees to sell M'Kennan ten acres of land, with the allowance, for 45 dollars per acre, and Sterrett agrees to give him a clear title. The payments are to be one-half in hand, *as soon as he makes him a right for the ten acres* of land, and the remaining half in three yearly payments. Now nothing can be clearer, than that until tender of title, the vendor is not entitled to payment of the purchase money; and it is a general principle, that interest is not demandable of right, until the debt is due, except in pursuance of the terms of an express contract; and no contract is here alleged. But the argument is, that the vendee took possession, and as he enjoys the profits, he ought to pay interest. And this is true in ordinary cases, where a time is fixed for the payment of the purchase money; but the right to take immediate possession was part of the contract, and the vendee's having taken the possession cannot affect the construction of that clause in the agreement on which the debt is only recoverable after a clear title is made. A different construction would render the vendor careless of obtaining and tendering a title, as he would be sure of legal interest, from the time the vendee took possession. Why this extraordinary delay took place, we have not been informed; but there is nothing which leads us to believe that it arose from the fault of the vendee. The court are, therefore, of opinion, that interest is only demandable from the time of the tender of title, and that the remaining half of the purchase money, payable in three yearly payments, are due annually after that period.

Judgment reversed, and a *venire de novo* awarded.