**UNITED STATES v. ONKEN BROS. CO., Inc., et al.**

District Court, D. Wyoming. October 14, 1927.

No. 1750.

Internal revenue ⬳28(2)—Action on bond given to prevent collection of tax pending claim for abatement held not suit to collect taxes within statute (Revenue Act 1921, § 250 (d) [Comp. St. § 6336⅛tt]).

Action by United States on bond given by a corporation to prevent collection of an additional internal revenue tax assessed against it, pending action on a claim for abatement, and conditioned for payment of the tax finally assessed, *held* not within the provision of Revenue Act 1921, § 250 (d), being Comp. St. § 6336⅛tt, limiting the time for beginning of any suit or proceeding for collection of such taxes to five years after filing of return.

At Law. Action by the United States against the Onken Brothers Company, Inc., and the Royal Indemnity Company. On demurrer to petition. Overruled.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo.

D. L. Webb, H. Berman, and Fred N. Holland, all of Denver, Colo., for defendants.

KENNEDY, District Judge. This is a suit against the defendants to recover upon a bond, in which the petition has been challenged by a demurrer now before the court for determination. From the petition, as far as may be necessary for the consideration of the point involved, the facts appear to be as follows:

That the defendant, Onken Bros. Company, was engaged in business in Sheridan, Wyo., during the years 1917 and 1918; that in April, 1921, defendant was assessed for additional corporation income and profits taxes for the years first mentioned; that in May, 1921, a claim for abatement of the additional tax was filed; that in order to protect against the collection of the assessed taxes pending a hearing upon the claim for abatement the bond in controversy was filed, with the defendant Royal Indemnity Company as surety, by which it was provided that, in the event the claim for abatement should be rejected, the surety would insure the payment of the tax, with penalties and interest, and save the internal revenue collector harmless from liability under his bond by reason of any default in the payment of such assessed taxes; that subsequently, and in June, 1923, the claim for abatement was passed upon by the Commissioner, who allowed it for the year 1917, but rejected it for the year 1918; that demand was made for the payment of the finally assessed tax, and the defendant surety company notified of the default, and likewise a demand was made upon it, but payment was refused; and that in consequence of such situation the suit is brought upon the bond to recover the penal sum thereof, it being less than the entire amount of the assessed tax, penalties, and interest.

Under their demurrer, which challenges the petition on the ground that the petition fails to state facts sufficient to constitute a cause of action, the point is raised that the cause of action is barred by the statute of limitations, as fixed by section 250(d), Revenue Act of 1921 (chapter 136, 42 Stats. 227–265 [Comp. St. § 6336⅛tt]), which provides that no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was filed.

Defendants chiefly rely upon the construction of that statute as laid down in the case of Bowers v. New York & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, which holds that the statute applies alike to a suit in court or to a proceeding by distraint after the lapse of the five-year period. Were this a suit on the part of the government to collect the tax, or were it a proceeding to enforce collection by distraint, that case would

undoubtedly be controlling. This is a suit upon a bond given to the plaintiff for the purpose of suspending further action or proceeding for the collection of the tax until the claim for abatement could be passed upon.

In the opinion of this court the bond is a separate and distinct agreement, representing voluntary action on the part of the government and the defendant against whom the tax was sought to be collected, which superseded and took the place of their rights and privileges under the revenue law limitation. Under that law the government, after the first assessment of the tax, could have sought collection by court procedure or by distraint. If it did not do so for a period of five years after the return was filed, the defendant was entitled to assert his rights guaranteed him by the statute of limitations. Through the promise and agreement represented by the bond, the rights of the parties under the revenue law were postponed and incorporated in the bond, which straightforwardly on its face insures the payment of the tax which may be subsequently determined in a consideration of the claim for abatement, and without mention of the time when such determination should be made. Under such a situation, the only limitation to apply would be the limitation governing suits upon bonds of this character, which is not the point involved here.

For the reasons stated, the demurrer will be overruled, and the defendants given 30 days within which to plead further, reserving to them their proper exceptions.