### UNITED STATES v. JUREIDINI et al. (three cases).

District Court, S. D. New York. July 3, 1929.

58

Charles H. Tuttle and Ernest Lappano, both of New York City, for plaintiff.

Leo T. Kissam, of New York City, for Ætna Casualty & Surety Co.

Benjamin Mahler, of New York City, for Michel K. Jureidini.

BONDY, District Judge. These three actions, substantially alike, were tried by a jury of one by consent.

In April, 1919, the individual defendants filed their income tax returns. In October, 1920, the Commissioner of Internal Revenue assessed an additional tax against each of them. On November 8, 1920, the Collector of Internal Revenue demanded payment of the taxes. On or about May 13, 1921, each filed a claim for abatement, and each as principal, and the defendant Ætna Casualty & Surety Co. as surety, delivered to the collector a bond, which recited that the principal has been assessed by the Internal Revenue Department of the United States, and that the collector, whose duty it is to collect the assessment, has been requested to refrain from and suspend the collection thereof for a period of 18 months in order that the principal may have an opportunity to pay so much thereof as remains unpaid. The principals and sureties thereby bound themselves jointly and severally to the collector of internal revenue, Second district of New York, and his successors in office for the payment of the amounts thereof.

In August, 1924, each of the individual defendants was credited by way of abatement with the amount of a small overassessment, leaving a balance due and unpaid, to recover which these actions were brought.

Since the trial of these actions the Supreme Court (May 13, 1929, U. S. v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743) decided that the statutory provision that no suit or proceeding for the collection of any tax shall be begun after expiration of five years after the date when the return was due or made has no application to a situation following a claim of abatement and the giving of a bond, that the making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had, and that the statute cannot be extended to a suit upon a substituted contract.

These being actions on the bonds and not for the collection of a tax, defendants' contentions that the actions cannot be maintained because final determination was not made and the actions not begun within five years after the date when the returns were due or made, and because the consent of the Commissioner required for the bringing of the action to recover taxes was not obtained, cannot be sustained.

Actions by the United States on abatement bonds like those involved in these actions, given to collectors before section 250 (f) of the Revenue Act of 1921 (42 Stat. 266) became effective, have been sustained. Gray Motor Co. v. United States (C. C. A.) 16 F.(2d) 367; United States v. Onken Bros. Co. (D. C.) 23 F.(2d) 367; United States v. Rennolds (D. C.) 27 F.(2d) 902. See Bowers v. American Surety Co. (C. C. A.) 30 F.(2d) 244; United States v. Gordin (D. C.) 287 F. 565, 570. These authorities dispose of defendants' remaining contentions that the collector in taking the bonds was acting only for his own benefit and not as an agent of the United States; that the United States is not a party in interest; that actions on the bonds must be brought in the name of the collector and not of the United States; and that the taking of the bonds was unauthorized and the bonds therefore are without consideration and illegal.

Pursuant to stipulation, a verdict is directed in each case for the plaintiff against the defendants who have been served.