**MacLAUGHLIN, Collector of Internal Revenue, v. PHILADELPHIA BARGE CO. et al.**

**No. 16064.**

District Court, E. D. Pennsylvania.

April 13, 1932.

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The only question raised by this affidavit of defense is whether the cause of action is abated; the affidavit of defense being the statutory equivalent of a plea in abatement.

The suit is against principal and surety upon a bond given to secure payment of taxes. The bond was delivered to Lederer, then collector, on February 17, 1921, and the obligee is, "Ephraim Lederer, Collector, First District, Pennsylvania, or his successors." Lederer resigned as collector July 31, 1921, and was succeeded by McCaughn. On August 6, 1926, McCaughn, then in office, brought an earlier suit upon this same bond. During the pendency of that suit McCaughn went out of office December 31, 1927. He was succeeded by Brown, who acted until May 31, 1928, when he in turn was succeeded by MacLaughlin, the present collector. No substitution as provided for by the Act of February 8, 1899, as amended up to February 13, 1925, USCA title 28, § 780, was made within six months after the expiration of McCaughn's term.

McCaughn was the proper plaintiff in the former suit, and, if that suit had not been brought, it may be assumed that MacLaughlin, the present collector, would be the proper party to sue, in spite of the fact that he is not the obligee in the bond. Judge Hand in Bowers v. American Surety Company (C. C. A.) 30 F.(2d) 244, 246, and following Tyler v. Hand, 7 How. 573, 12 L. Ed. 824, accepts the theory of fictional personality which recognizes the office as a legal person, and, upon grounds of policy and convenience, I think his view should be followed. He says: "Of the convenience of recognizing an office as a legal person in cases like that at bar there can be no question; the purpose of such bonds is to create an obligation in favor of the incumbents, as they succeed each other."

But in this case we have already had one suit brought by a successor of the original obligee, which suit was abated by reason of the failure of the government to make substitution in compliance with the act of 1925,

after the plaintiff had left office. Was there an abatement of the cause of action as well as of the writ? I think that it was the clear intent of the act of 1925 that there should be.

It will be noted that the act does not provide that the cause may be continued as a matter of right after the plaintiff has left office by a mere formal substitution of his successor. The act says that, if certain things are satisfactorily shown to the court, it shall be competent for the court to permit the cause to be continued and maintained by the successor in office. Suppose the court, properly exercising the discretion thus given, decides against permitting the cause to be continued. To hold that the cause of action was not abated would mean that, after the court had so refused to permit a substitution, the abatement could be avoided and the act of 1925 rendered practically inoperative by simply beginning a new suit in the name of the subsequent collector.

Such futile legislation is not presumed to have been in the mind of Congress. The act could have been only upon the theory that the cause of action abated. In addition, there is no injustice in refusing to permit parties to be harassed by the necessity of defending more than one suit for the same cause of action when a very simple procedure is offered for the continuance to a conclusion of the action as originally brought.

The affidavit of defense is adjudged to be sufficient.