**McCAUGHN, Former Collector of Internal Revenue, v. UNION PAVING CO. et al.**

**No. 15172.**

District Court, E. D. Pennsylvania.

April 20, 1932.

Edward W. Wells, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

This is a suit upon a bond given with surety for the payment of taxes which might thereafter be assessed against the principal obligor. An affidavit of defense has been interposed to the fact merits of the tax claim in part and to the legal merits of the whole claim in that under sections 807 and 811 of the Revenue Act of 1928 all liability for the tax assessment has ended. Just what the reference to the Tax Act of 1928 means, we have not been advised, and we ignore the reference because the cause has been discussed and submitted for a ruling under the Act of February 13, 1925, title 28, USCA § 780. The proposition advanced by the defendant is that there can be no recovery in the action in the form brought. This is because the bond in suit was given to the obligee, McCaughn, not as an individual but in his official capacity as collector, and, inasmuch as he was out of office when the suit was brought, he had no longer any interest in the bond either individually or as an official, and hence cannot maintain suit thereon. This, as the case is now presented, is a mere procedural question, and means only that the action should not have been brought in the name of McCaughn as legal plaintiff but in the name of his successor in office. We regard the question as of no importance further than to have the question settled as one of practice. Should McCaughn or his successor in office have been made the legal plaintiff? McCaughn has no beneficial interest in the result of the action nor had he when the action was brought any official relation to its subject-matter. When a cause of action which once belonged to one has wholly passed to another, the question of in whom is the right of action in the sense of in whose name the cause of action must be enforced is differently answered under different systems of doing legal justice and in different jurisdictions. Equity, for illustration, the very genius of which is to ignore forms and to supply very mobile and pliable procedural methods of reaching its ends, recognizes neither plaintiff nor defendant, but only parties, and proceeds whenever it has all the real parties in interest before it, ignoring all who have no real interest. The common law, on the other hand, more rigid and unyielding in its adherence to procedural forms, gives the right of action to him who had it when the cause of action arose and retains him as legal plaintiff throughout, oblivious to the fact that all his real interest in the cause may have passed to another. In some jurisdictions the rule in equity is followed in actions at law. This action has been brought in Pennsylvania. The conformity statutes give sanction to the adoption of Pennsylvania procedure and Pennsylvania practice. Here we have an action at law on a bond, and the Pennsylvania practice is that it must be brought in the name of the obligee as legal plaintiff, unless some statute directs otherwise. The best illustration of this is the case of an ordinary bond. An act of assembly provides for the assignment of such bonds and a suit thereon by the assignee, but requires inter alia that such assignments be in writing and executed in the presence of two witnesses. The law of Pennsylvania recognizes transfers not in the prescribed form as valid, but distinguishes the two by regarding the latter as "equitable assignments" and the former as "legal." A consequence is that the former assignee might bring suit in his own name as assignee of the obligee as legal plain-

658

tiff; the latter could sue only in the name of the obligee as legal plaintiff, although under the Pennsylvania system (in the absence of a court of chancery) of administering equity under common-law forms the suit, although brought in the name of the assignor as legal plaintiff, could also be brought "to the use of" the assignee. This meant that the action, although brought in the name of the obligee as legal plaintiff, belonged to his assignee, who alone would enjoy its fruits. Act of May 28, 1715, 1 Smith's Laws 90, § 4 (see 8 PS § 31 et seq.).

 It further follows that the action as brought in the name of McCaughn as legal plaintiff was brought in accordance with the Pennsylvania practice, and could not otherwise be brought if the Pennsylvania rule controls. Just here there are two or three minor matters which call for a word of comment. In the bond as written McCaughn is given the title of "Collector" and is so "nominated in the bond"; in the action as brought he is designated as "former Collector," and the suit is brought in his name as legal plaintiff "to the use of" the United States. Moreover, in the bond the obligor is "held and firmly bound" for the payment of the penal sum unto the obligee, "his heirs, executors, administrators, successors and assigns." The words "Collector" and "former Collector" are merely descriptive, and may be treated as surplusage. The same may be said of "heirs" and "successors." These words are meaningless, and there is nothing to which they are applicable, unless "successor" be read to mean "successor in office," which we are not warranted in doing, and, if so read, would not affect the question under discussion. The words "executors, administrators and assigns" likewise add nothing of value to the obligation. Treating the bond, as we now are, as the ordinary form of debt obligation, the right of action survives the death of the obligee, and the contract is by law assignable whether these words occur or not in the bond. A suit when brought may be marked by the plaintiff to the use of any one. With the use plaintiff the defendant has no concern. Although, as we have held, the suit is brought in conformity with the Pennsylvania practice, it does not follow that it has been properly brought. The bond in suit is one called for by the laws of the United States. Suits thereon may in consequence be regulated by the same law. This court has recently held in the case of MacLaughlin v. Philadelphia Barge Company (D. C.) 60 F.(2d) 333 (opinion by Kirkpatrick, J.), that in suits on bonds given to an official for the benefit of the United States the official character of the bond must be preserved by any action thereon being brought by the official in office when the suit is brought, who is the successor in office of the official to whom the bond was originally given, and the act of 1899 amended by the cited act of February 13, 1925 (28 USCA § 780), further requires that the official in office must be kept of record in all suits brought by being, within a prescribed time, substituted for the former party when he goes out of office, or otherwise the action shall abate. This latter act does not in terms apply in its abatement features to the pending action, because here McCaughn went out of office before suit brought. The general subject of the act is the "survival of Actions," and the substitution is called for only "where during the pendency of an action" the officer who is a party to it goes out of office. The act is none the less evidence of the policy of the law of the United States to require that all actions by, as well as against, "Officers" of the United States, be brought and thereafter kept in the name of those who are in office. As we have said, it is a matter of purely procedural law and of little, if any, practical importance whether the instant action be brought in the name of the official to whom the bond was given or in the name of the one in office when the suit was brought. It is of importance, however, that the practice be settled one way or the other, and the cited case settles it for us. The case is not on all fours with the instant case but the principle on which ruled applies. In the cited case the bond was given to the then collector by name; the suit was brought in the name of the successor of the named obligee and the collector then in office; the plaintiff afterwards went out of office, and his successor went in, but there was no substitution. The suit was held to have abated under the act of 1925.

 This action then under our practice should have been brought in the name of the collector in office when brought. It is, however, the subject of amendment, and leave is granted to so amend, and the defendants are required to answer to the action and statement when and as amended with the further right in the plaintiff to renew the rule for judgment. We may add that, although pleas in abatement are abolished in Pennsylvania by Practice Act of 1915 (12 PS § 382 et seq.), defendants have the right to raise any ques-

tion of fact or law which may be thought to be a defense to either the fact or legal merits of the plaintiff's claim in the manner provided for in the act.

An appropriate form of order in accordance with the Practice Act of 1915 and of this opinion may be submitted.