## Philipsborn *v.* 17th and Chestnut Holding Corp., Appellant.

Argued October 10, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Sylvan H. Hirsch,* and with him *I. I. Jamison* and *Sundheim, Folz and Sundheim,* for appellant, cited: Graham v. United States Fidelity & Guaranty Co., 308 Pa. 534; Greene County v. Southern Surety Co., 292 Pa. 304; Book's Estate, 297 Pa. 543; Shermet v. Embick, 90 Pa. Superior Ct. 269.

*Alexander Conn,* for appellee, cited: Concrete Products Co. v. United States Fidelity & Guaranty Co., 310 Pa. 158; Commonwealth v. Great American Indemnity Co., 312 Pa. 183.

Opinion by Trexler, P. J., December 16, 1933:

The court entered judgment for want of a sufficient affidavit of defense. The facts briefly stated are as follows: Bonwit Teller & Co., incorporated, agreed in writing under seal to pay to Maximilian Philipsborn the sum of $5,000 per annum as long as he lived and after his death, $2,500 per annum to his wife until her death. Included in the same contract was the relinquishment at a fixed price of Philipsborn's interest in the company and in addition, he and his wife were to refrain from engaging in any manner what-

soever in any business similar to that of the company; and they, as well as any of his immediate family bearing it, were not to use the Philipsborn name in such business. The amounts above set forth were respectively paid to Philipsborn during his life and to his widow since his death which occurred in 1918.

The 17th and Chestnut Streets Holding Corporation is the successor and has acquired the personal assets and goodwill of the Bonwit Teller Company and is the defendant in the present suit. It refuses to continue the payment to the widow of Philipsborn although such payments have been made for fourteen years, relying entirely upon the position that there is no contractual obligation to continue the payments heretofore made. The contract is very plain. There can be no doubt as to its meaning. The question is whether the defendant company can escape the payments, to which in good morals there is no defense, by interposing a purely technical objection.

The appellant relies upon the general rule of the common law which it claims prevails in this state, "that no one not a party to the obligation may sue thereon in an action in his own name." Greene Co. v. Southern Surety Co., 292 Pa. 304, 141 A. 27.

The appellee cites some cases which are exceptions to the general rule and claims that the present one is such. The lower court calls attention to the case of Brill v. Brill, 282 Pa. 276, 127 A. 840, in which a bond under seal was given to the mother by the father of an illegitimate child for its support. It was held that the unusual circumstances and grounds of public policy moved the court to sustain a suit brought on behalf of the son and likens the present case to that by the statement that the public policy which favors a parent providing for a child is no greater than that which favors a husband providing for the support of his wife after his death. We prefer to place our con-

clusion on the fact that part of the consideration of the contract was that the wife of Philipsborn should abstain from going into business and while strictly she may not be considered a party to the contract, she was specifically named therein and furnished part of the consideration. Blymire v. Boistle, 6 Watts 162.

If the entire consideration moving the defendant had been furnished by Philipsborn's wife, he would have been regarded as her agent, and in legal effect, the contract would have been made by the beneficiary herself. Tasin v. Bastress, 284 Pa. 47, 130 A. 417. It may be argued that as she is specifically mentioned in the bond and has a certain duty to perform, to wit, to abstain from carrying on a business in opposition to the defendants, and is to be paid a definite sum yearly for so doing, all the elements of a separate engagement between the defendant and her are present and that her husband as to this particular part of the contract was acting for her. It was the manifest intention that she was to receive a fixed compensation as long as she complied with the conditions implied in the contract. The intention of the obligor in this respect being manifest, there is no reason why she should not be allowed to assert her rights. The writer is aware that in some of the cases that sustain this view, the beneficiary was the only one who was substantially benefited by the promise, (Tasin v. Bastress, supra, page 55) but we see no ground under the language of the present contract to hold that the same reasoning does not apply here, for the evident intention of the parties was to establish after the death of Philipsborn an independent contractual relation between the company and his widow and she was then the sole beneficiary under the contract. The payment was not to be made to a class, but to an ascertained individual and even where a class is referred to in a bond, if it is manifest that the intention is to give the

right to sue, anyone of the class may avail himself of it even if he was not named in the bond or contract as a party thereto. Concrete Products Co. v. U. S. Fidelity & Guaranty Co., 310 Pa. 158, 165 A. 492.

Whether the above statement be correct or not, we believe that the Supreme Court has definitely changed the rule relied upon by the defendant and has by adopting the statement contained in the Restatement of the Law of Contracts by the American Institute changed the law in Pennsylvania so as to conform with that of nearly all of our sister states. It will serve no useful purpose to repeat what Justice SIMPSON has said in Com. v. Great American Indemnity Co., 312 Pa. 183, 192, 167 A. 793. Under the rule as set out in the restatement, a beneficiary can assert his rights against the party who has made a promise for his benefit, even if he is not a party to the contract.

The appellant claims that the above case does not rule the present, for the reason that Justice SIMPSON in adopting the restatement of the institute in the words following qualified it by the reference to the Act of Assembly: "We willingly join with our sister states in their conclusion on this subject, especially as the legislature by the Act of June 23, 1931, P. L. 1181, has now established our public policy in regard to the matter, by expressly providing for such a provision in all future bonds," and argues that the adoption of what may be called the "new" rule for this state applies only to the subject matter involved in the above case, that is, to contractor's bonds given in the making of public improvements. We do not so understand the language employed. The passage of the Act of Assembly was an additional inducement for the change of the attitude of the Supreme Court in this matter, but did not, if we take the definite language employed, limit its application to any particular class of contracts.

The last objection we are required to consider is that the contract was made under seal and a person not a party to it cannot bring suit upon it. Authority for this statement is found in the case of Greene Co. v. Southern Surety Co., 292 Pa. 304, 141 A. 27, but that reference to the matter of a seal was not essential to the decision, for the Justice who spoke for the Supreme Court had already decided that the plaintiff could not recover. In Brill v. Brill, supra, the opinion of the lower court was adopted, per curiam, by the Supreme Court. Therein Judge Stern made the following comment:

"There was formerly a question as to whether a third person not a party to a contract could bring suit on it when it was under seal, and therefore whether the action had to be in covenant instead of in assumpsit (Strohecker v. Grant's Executors, 16 S. & R. 237), but this was a mere technicality dependent upon the old rules of pleading, and apparently no longer exists, since there are many cases in the Pennsylvania reports where actions by third persons upon bonds under seal have been allowed as, for example, in Com. v. National Surety Company, 253 Pa. 5." 97 A. 1034. There is no reason why if the prevalent rule as to beneficiaries is adopted, its application should be limited to contracts without seal. There is no valid ground for the distinction and in view of the attitude taken by the Supreme Court, we are inclined to think that the case of Brill v. Brill, supra, should be followed rather than the dictum in the Greene County case, supra. This would be consonant with the law as set out by the American Law Institute in the Restatement of the Law of Contracts, para. 134. It appears from the cases therein set out that the right of the plaintiff as a third party beneficiary can be enforced irrespective of the fact whether the instrument is sealed or not.

The judgment of the lower court is affirmed.