## HILTON LUMBER CO. v. GRISSOM, Collector of Internal Revenue.
### No. 3591.

Circuit Court of Appeals, Fourth Circuit.

May 1, 1934.

James Craig Peacock, of Washington, D. C. (John W. Townsend, of Washington, D. C., on the brief), for appellant.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and Walter Harrison Fisher, U. S. Atty., of Clinton, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

WILLIAM C. COLEMAN, District Judge.

This is an appeal from a judgment of the District Court for the Eastern District of North Carolina, in favor of the appellee, Gilliam Grissom, collector of internal revenue for the District of North Carolina, involving corporation income and profit taxes for the fiscal year 1917.

While there are nine assignments of error, all may be summarized as based upon the contention that the trial judge erred in holding that a judgment of dismissal, entered by him in a prior suit, was a bar to recovery by the appellant, the Hilton Lumber Company, in the present suit.

The material facts as disclosed by the record in this appeal are as follows: On March 30, 1918, the appellant filed its income and profit tax return for the fiscal year 1917. Following an audit of this return, a deficiency assessment was made against the appellant on April 12, 1921, in the amount of $41,-236.32. On May 2, 1921, appellant filed an abatement claim for this amount, and, at the same time, executed a bond to J. W. Bailey, the then collector of internal revenue for the District of North Carolina, for $77,342.53 to secure payment of any balance finally found to be due, the condition of the bond being that "if the principal shall on notice and demand by the Collector duly pay such part of such tax found by the Commissioner of Internal Revenue to be due, with interest at the rate of six per cent per annum from the time such tax would have been due had no such claim been filed, and all penalties and charges that may be assessed, and shall otherwise well and truly perform and observe all of the provisions of the law and regulations of the Department of Internal Revenue, then this obligation is to be void, but otherwise to remain in full force and virtue." As a result of its claim for abatement, appellant subsequently received substantial reductions in the deficiency assessment, but did not pay the balance claimed to be due, namely, $14,613.-62. Thereupon, the government, in its own behalf, entered suit upon the bond for such balance. In its answer, appellant pleaded the statute of limitations as a defense. Issue was joined in this suit, and on September 27, 1929, appellant paid the balance of the tax and interest claimed by the government, amounting in all to $22,059.27, and on October 15, 1929, a consent judgment was entered, dismissing the suit, and directing the surrender and cancellation of the bond. On April 13, 1932, appellant filed a claim for refund, on the ground that the collection of this amount was barred by the statute of limitations. No part of this claim being allowed by the collector, thereupon appellant instituted suit on October 31, 1932, in the District Court. A jury was waived and the court

found the facts to be as above narrated, and from these findings made the following conclusions of law, no other opinion being filed in the case:

"1. That as appears from the record in the prior case, the matters and things in controversy in this action were adjudicated and settled by the judgment entered October 15, 1929, and the same having been sufficiently pleaded by the defendant as res adjudicata of the issues here raised, the plaintiff is conclusively bound by said prior judgment and is forever estopped and barred from recovery against the defendant by reason of the matters alleged in the complaint.

"2. That the plaintiff is not entitled to recover anything against the defendant in this action."

Thereupon judgment was entered for the defendant, and it is this judgment which we are now asked to reverse.

At the time the bond in the earlier suit was given, namely, May 2, 1921, there was no statute of limitations against the collection of 1917 income taxes. But, on November 23, 1921 (42 Stat. 227, 265), a limitation of five years after filing of the return was imposed, and this limitation was made applicable against the collection of taxes under all earlier acts.

Appellant's contentions may be briefly summarized as follows: First, that since the additional tax, including interest, of $22,059.-27, was paid on September 27, 1929, that is, more than five years after the return was filed, it was barred by limitations; that the present suit for the recovery of the tax constituted the only method by which the appellant could assert its rights under the statute of limitations; and that since such rights could not have been adjudicated in the former suit under the bond, the judgment in that former suit is not conclusive in the present suit, especially since the statute of limitations was not in existence at the time the bond was given. Second, that the bond in the former suit did not run to the benefit of either the United States or of the successors in office to the particular collector of internal revenue named in the bond; that, therefore, neither the United States nor the present appellee, either as an agent for the government or as a successor of the former collector, had any rights or benefits under the bond, and that hence neither acquired any rights by virtue of the judgment in the earlier suit. Appellee, on the other hand, contends that by giving the bond, appellant gave to the government an alternative remedy, and thereby completely eliminated the statute of limitations from all further consideration.

We believe that the appellee's contention is entirely sound and is directly supported by the decision of the Supreme Court in United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743. There, it was held that a five-year limitation, upon the time within which income and profit taxes might be assessed and suits begun to collect them, was inapplicable to a suit on a bond given within that time under paragraph 14 (a), § 234 (a) of the Revenue Act of 1918 (40 Stat. 1057, 1079), to secure payment of taxes, with interest, which had been returned and assessed, but payment of which had been postponed pending decision of a claim for abatement submitted by the taxpayer. In its opinion, the court said, page 375 of 279 U. S., 49 S. Ct. 366, 367: "The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had. The statutes now pleaded to bar the suit cannot be extended by implication to a suit upon a subsequent and substituted contract. The postponement of the collection of the taxes returned was a waiver of the statutory limitation of five years that would have applied had the voluntary return of the taxpayer stood and no bond been given. If there is any limitation applicable to a suit on the bond, it is conceded that it has not yet become effective."

The only real distinction between the Barth Case and the present one is that the judgment, which was the subject of the appeal in the Barth Case, grew out of a suit upon the bond, whereas the judgment, which is the subject of the present appeal, arises out of a subsequent suit brought by the taxpayer directly against the collector. But this distinction is not material. In Bryant-Link Co. v. Hopkins, 47 F.(2d) 1068, a decision of the Circuit Court of Appeals of the Fifth Circuit, the facts were strikingly similar to those in the present case. There, the appellant sued in the District Court to recover the amount of an additional assessment for the calendar year 1917, which had been paid under protest. There also, just as in the present case, following a claim for abatement, appellant gave a bond to secure payment of such sums as might be finally found to be due by the Commissioner. Such amount was ultimately paid by the taxpayer. Nevertheless, appellant based its suit upon the ground that the collection of the tax was barred because it had not been assessed within the time allowed under section 250 (d) of the Revenue

Act of 1921 (42 Stat. 227, 265), the same statute with which we are here concerned. The government relied on the bond as a defense to the suit, and the judgment, which was in the government's favor, was affirmed. In its opinion the appellate court said, page 1069 of 47 F.(2d): "The fact that appellant paid the tax on demand, and thus rendered a suit on the bond unnecessary, does not affect the question of law decided in the case just cited. (U. S. v. John Barth Co.). The bond has the same effect upon the statute of limitations, whether it is sued on by the government or is pleaded by it as a defense to a suit brought by a taxpayer to recover back the tax he has paid." See, also, United States v. Root (C. C. A.) 62 F.(2d) 385, certiorari denied 289 U. S. 733, 53 S. Ct. 593, 77 L. Ed. 1481.

Nor do we think the fact that at the time the bond was given in the present case, namely, May 2, 1921, there was no statute of limitations in effect against the collection of a 1917 tax, is a distinguishing feature, as appellant contends. Generally speaking, it is, of course, true that a waiver, to be effectual, must not only be made intentionally but must relate to a known and existing right. But the use of the word "waiver" in the cases just cited is not to be taken in that sense, but rather in the sense that the taxpayer's agreement under the bond was in substitution of his tax liability. As was said by the Supreme Court in the Barth Case, supra, page 376 of 279 U. S., 49 S. Ct. 366, 367: "To avoid the result usually ensuing from the return which he himself made, the taxpayer was permitted by a bond temporarily to postpone the collection and to substitute for his tax liability his contract under the bond. The object of the bond was not only to prevent the immediate collection of the tax, but also to prevent the running of time against the government. The taxpayer has obtained his object by the use of the bond, and he should not object to making good the contract by which he obtained the delay he sought." We find nothing in the later decisions of the Supreme Court relied upon by appellant, such as Gulf States Steel Co. v. United States, 287 U. S. 32, 53 S. Ct. 69, 77 L. Ed. 150; Id. (C. C. A.) 56 F.(2d) 43; Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255; and Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, which is contrary to the conclusion which we here reach.

Turning to appellant's second contention, namely, that the bond ran to the former collector only, and that therefore the United States had no rights under it, we find that this is equally without merit. A mere reading of the bond indicates that its benefits were never intended to be merely personal to the collector named therein, but on the contrary, its entire language indicates that the government was the real party in interest. This is confirmed by the very nature of the obligation itself, namely, a tax liability. This being true, it is not necessary that a successor or successors to the particular collector named in the bond be specifically referred to, or that any additional language be employed in order to afford to the government the full benefit of the bond. See Bowers v. American Surety Co. (C. C. A.) 30 F.(2d) 244, certiorari denied 279 U. S. 865, 49 S. Ct. 480, 73 L. Ed. 1003; United States v. Jureidini (D. C.) 35 F.(2d) 57; and United States v. Gordin (D. C.) 287 F. 565. The fact that the collector named in the present suit was under the impression that the bond was personal to his predecessor, is, of course, not in any sense conclusive.

Summarizing our conclusions, the court below, by its findings of fact and conclusions of law, held that the judgment in the suit on the bond was conclusive of the issues in the present case, and this must be true in so far as the material issues in the present case are concerned. It is only with respect to the issue of limitations on the collection of the tax itself that the judgment in the bond case was not a bar. But this issue becomes immaterial, since it is clear from the Barth Case, supra, that the tax obligation may be barred and yet leave the bond obligation in full force. There is no limitation urged with respect to the bond obligation and none will be assumed. Therefore, to the extent that the court below found (1) the payment by appellant to have been a payment under the bond, and (2) the bond constituted an obligation of which the United States was the real obligee, such questions are undoubtedly foreclosed.

For the aforegoing reasons, the judgment of the lower court must be affirmed.